UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| USEF F. BADER, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT ONE BANK, N.A., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:21-cv-01328 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes USEF F. BADER ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CREDIT ONE BANK. N.A. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.,* as well as for Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events that gave rise to this action occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing within the Northern District of Illinois.

5. Defendant is a "technology and data-driven financial services company based in Las Vegas, Nevada."[1] Defendant's principal place of business is located at 6801 S. Cimarron Rd., Las Vegas, Nevada 89113.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a debt.

8. Around November 2020, Plaintiff began receiving calls to his cellular phone, (312) XXX-5392, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -5392. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has called Plaintiff using a variety of numbers, including but not limited to: (312) 564-5977, (312) 585-8032, (312) 605-1701, (312) 605-1732, (312) 605-1733, (312) 605-1763, (312) 605-1764, (312) 820-0801, (312) 820-0803, (312) 820-0838, (312) 820-0839, (312) 820-0876, (312) 820-0878, (312) 820-3347, (312) 820-3381, (312) 820-3382, (312) 820-3469, (312) 820-3470, (312) 820-3471, (312) 820-7288, (312) 820-7317, (312) 820-7352, (312) 820-7391, (312) 820-7392, (331) 200-4049, (331) 255-1900, (331) 255-1999, (331) 255-2753, (737)

---

[1] https://www.creditonebank.com/corporate/about-us

2

205-1309, (209) 618-2940, (312) 392-5105, (312) 463-4360, (312) 463-4369, (312) 463-4372, (312) 463-4590, (312) 535-8772, (312) 535-8843, (312) 564-5977, (312) 585-8062, (312) 605-1699, (312) 605-1701, (312) 605-1732, (312) 605-1733, (312) 605-1764, (312) 812-3348, (312) 820-0801, (312) 820-0803, (312) 820-0838, (312) 820-0839, (312) 820-0875, (312) 820-0876, (312) 820-0878, (312) 820-3346, (312) 820-3347, (312) 820-3469, (312) 820-3470, (312) 820-7288, (312) 820-7317, (312) 820-7352, (312) 820-7354, (312) 820-7391, (312) 820-7392, (312) 872-3341, (312) 872-3405, (312) 872-3415, (312) 872-3462, (312) 872-3471, (312) 872-3478, (331) 200-4048, (331) 200-4049, (331) 200-4082, (331) 219-6700, (331) 255-0742, (331) 255-1213, (331) 255-2868, (331) 255-2975, (331) 258-5275, (331) 301-3420, (331) 301-4148, (331) 301-4404, (401) 437-5482, (469) 638-9871, (667) 290-6105, and (866) 910-7740.

11. During answered calls, Plaintiff has been subjected to a noticeable pause, before being connected to a live representative.

12. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling attempting to collect upon a debt seemingly owed by another individual named Maria, which did not belong to Plaintiff and to which he had no connection.

13. On multiple occasions, Plaintiff notified Defendant that it was calling the wrong number. Furthermore, Plaintiff demanded that Defendant cease calls to his cellular phone.

14. Plaintiff *never* provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

15. Upon information and belief, Defendant randomly and/or sequentially dialed Plaintiff's cellular phone number in search of its intended party, Maria.

16. Notwithstanding Plaintiff's numerous requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls to Plaintiff's cellular phone in an attempt to collect on a debt belonging to an unknown individual.

17. Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's cellular phone repeatedly, including on consecutive days and multiple times throughout the day.

18. Plaintiff has received no less than 150 phone calls from Defendant since demanding that Defendant stop calling him.

19. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for a different person to whom he is not related, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

<u>**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**</u>

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment

which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Additionally, Defendant's continued contacts after Plaintiff notified Defendant that it is calling the wrong party, and Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized.

25. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. Furthermore, upon information and belief, Defendant's phone system has the capacity to store numbers, and subsequently dial those numbers, without meaningful human intervention.

26. Upon information and belief, Defendant continued to randomly and/or sequentially dial Plaintiff's cellular phone number in search of Maria, even after Plaintiff notified Defendant multiple times that it was calling the wrong party.

27. Defendant violated the TCPA by placing not less than 150 phone calls to Plaintiff's cellular phone using an ATDS without his consent, as Plaintiff is not the individual Defendant is attempting to contact.

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Plaintiff repeatedly advised Defendant that it was calling the wrong person, so Defendant had more than enough information to know that the number it was calling did not belong to Maria. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, USEF F. BADER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - INVASION OF PRIVACY-INTRUSION UPON SECLUSION

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

32. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

33. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

6

34. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's harassing phone call campaign.

35. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought his cellular phone.

36. By continuing to call Plaintiff in an attempt to search for Maria, Defendant gave Plaintiff no reasonable escape from its incessant calls.

37. As detailed above, by persistently calling Plaintiff's cellular phone without his consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

38. Defendant's relentless collection efforts and tactic of repeatedly calling Plaintiff's cellular phone after he requested that these calls cease is highly offensive to a reasonable person.

39. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, USEF F. BADER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – TRESPASS TO CHATTELS

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. *Prosser, Torts*, 64 (2d ed.).

42. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

43. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

44. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

45. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

46. Defendant barraged Plaintiff with not less than 150 phone calls after he made demands that the calls stop, including multiple phone calls on the same day, leaving him unable to use or possess his cellular phone in the manner in which he wanted to during such time.

47. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting him and he was not Maria.

48. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, and the loss of battery life.

49. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

WHEREFORE, Plaintiff, USEF F. BADER, respectfully requests that this Honorable Court enter judgement in his favor as follows:

a. Enter judgement in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff; and

e. Award any other relief this Honorable Court deems equitable and just.

Dated: March 10, 2021                               Respectfully submitted,

                                                    s/ Nathan C. Volheim (Lead Attorney)
                                                    Nathan C. Volheim, Esq. #6302103
                                                    *Counsel for Plaintiff*
                                                    Sulaiman Law Group, Ltd.
                                                    2500 South Highland Ave., Suite 200
                                                    Lombard, Illinois 60148
                                                    (630) 568-3056 (phone)
                                                    (630) 575-8188 (fax)
                                                    nvolheim@sulaimanlaw.com