UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| USEF F. BADER,<br><br>  Plaintiff,<br><br>v.<br><br>CREDIT ONE BANK, N.A.,<br><br>  Defendant. | CASE NO. 1:21-cv-01328 |

### ANSWER AND DEFENSES OF CREDIT ONE BANK, N.A. TO COMPLAINT

NOW COMES Defendant Credit One Bank, N.A. ("Credit One" or "Defendant"), through its undersigned counsel, and for its Answer and Defenses to Plaintiff Usef F. Bader's ("Plaintiff") Complaint states as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.,* as well as for Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

**ANSWER: Credit One admits only that Plaintiff has asserted alleged claims under the Telephone Consumer Protection Act ("TCPA"), for Invasion of Privacy and Trespass to Chattels. Credit One denies remaining allegations of this Paragraph and that Plaintiff is entitled to any relief from Credit One.**

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

**ANSWER: Credit One admits that this Court has subject matter jurisdiction over this dispute. Credit One denies any remaining allegations of this paragraph.**

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events that gave rise to this action occurred within the Northern District of Illinois.

**ANSWER: Credit One admits that venue is proper in the Northern District of Illinois, Eastern Division, but denies that venue is proper because of the allegation that Credit one conducts business in the state of Illinois.**

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing within the Northern District of Illinois.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

5. Defendant is a "technology and data-driven financial services company based in Las Vegas, Nevada."[1] Defendant's principal place of business is located at 6801 S. Cimarron Rd., Las Vegas, Nevada 89113.

**ANSWER: Admitted.**

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

---

[1] https://www.creditonebank.com/corporate/about-us

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.**

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a debt.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

8. Around November 2020, Plaintiff began receiving calls to his cellular phone, (312) XXX-5392, from Defendant.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

9. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -5392. Plaintiff is and always has been financially responsible for the cellular phone and its services.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

10. Defendant has called Plaintiff using a variety of numbers, including but not limited to: (312) 564-5977, (312) 585-8032, (312) 605-1701, (312) 605-1732, (312) 605-1733, (312) 605-1763, (312) 605-1764, (312) 820-0801, (312) 820-0803, (312) 820-0838, (312) 820-0839, (312) 820-0876, (312) 820-0878, (312) 820-3347, (312) 820-3381, (312) 820-3382, (312) 820-3469, (312) 820-3470, (312) 820-3471, (312) 820-7288, (312) 820-7317, (312) 820-7352, (312) 820-7391, (312) 820-7392, (331) 200-4049, (331) 255-1900, (331) 255-1999, (331) 255-2753, (737) 205-1309, (209) 618-2940, (312) 392-5105, (312) 463-4360, (312) 463-4369, (312) 463-4372, (312) 463-4590, (312) 535-8772, (312) 535-8843, (312) 564-5977, (312) 585-8062, (312) 605-

1699, (312) 605-1701, (312) 605-1732, (312) 605-1733, (312) 605-1764, (312) 812-3348, (312) 820-0801, (312) 820-0803, (312) 820-0838, (312) 820-0839, (312) 820-0875, (312) 820-0876, (312) 820-0878, (312) 820-3346, (312) 820-3347, (312) 820-3469, (312) 820-3470, (312) 820-7288, (312) 820-7317, (312) 820-7352, (312) 820-7354, (312) 820-7391, (312) 820-7392, (312) 872-3341, (312) 872-3405, (312) 872-3415, (312) 872-3462, (312) 872-3471, (312) 872-3478, (331) 200-4048, (331) 200-4049, (331) 200-4082, (331) 219-6700, (331) 255-0742, (331) 255-1213, (331) 255-2868, (331) 255-2975, (331) 258-5275, (331) 301-3420, (331) 301-4148, (331) 301-4404, (401) 437-5482, (469) 638-9871, (667) 290-6105, and (866) 910-7740.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

11. During answered calls, Plaintiff has been subjected to a noticeable pause, before being connected to a live representative.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

12. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling attempting to collect upon a debt seemingly owed by another individual named Maria, which did not belong to Plaintiff and to which he had no connection.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

13. On multiple occasions, Plaintiff notified Defendant that it was calling the wrong number. Furthermore, Plaintiff demanded that Defendant cease calls to his cellular phone.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

14. Plaintiff *never* provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

15. Upon information and belief, Defendant randomly and/or sequentially dialed Plaintiff's cellular phone number in search of its intended party, Maria.

**ANSWER: Denied.**

16. Notwithstanding Plaintiff's numerous requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls to Plaintiff's cellular phone in an attempt to collect on a debt belonging to an unknown individual.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

17. Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's cellular phone repeatedly, including on consecutive days and multiple times throughout the day.

**ANSWER: Denied.**

18. Plaintiff has received no less than 150 phone calls from Defendant since demanding that Defendant stop calling him.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

19. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

**ANSWER: Denied.**

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for a different person to whom he is not related, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

**ANSWER: The allegations of Paragraph 21 constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations are denied.**

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

**ANSWER: Credit One incorporates its answers to the above allegations.**

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**ANSWER: The allegations of this paragraph purport state provisions of the TCPA which is a statute in writing. Credit One denies any allegations that misstate the plain language of the TCPA.**

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Additionally, Defendant's continued contacts after Plaintiff notified Defendant that it is calling the wrong party, and Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized.

**ANSWER: Denied.**

25. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. Furthermore, upon information and belief, Defendant's phone system has the capacity to store numbers, and subsequently dial those numbers, without meaningful human intervention.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.**

26. Upon information and belief, Defendant continued to randomly and/or sequentially dial Plaintiff's cellular phone number in search of Maria, even after Plaintiff notified Defendant multiple times that it was calling the wrong party.

**ANSWER: Denied.**

27. Defendant violated the TCPA by placing not less than 150 phone calls to Plaintiff's cellular phone using an ATDS without his consent, as Plaintiff is not the individual Defendant is attempting to contact.

**ANSWER: Denied.**

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

**ANSWER: The allegations of Paragraph 28 constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations are denied.**

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Plaintiff repeatedly advised Defendant that it was calling the wrong person, so Defendant had more than enough information to know that the number it was calling did not belong to Maria. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**ANSWER: Denied.**

WHEREFORE, Plaintiff, USEF F. BADER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER: Credit One denies that Plaintiff is entitled to any relief against Credit One as requested in the WHEREFORE paragraph following paragraph 29.**

### COUNT II -INVASION OF PRIVACY-INTRUSION UPON SECLUSION

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

**ANSWER: Credit One incorporates its answers to the above allegations.**

31. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

**ANSWER: Denied.**

32. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

**ANSWER: Denied.**

33. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

**ANSWER: Denied.**

34. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's harassing phone call campaign.

**ANSWER: Denied.**

35. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought his cellular phone.

**ANSWER: Denied.**

36. By continuing to call Plaintiff in an attempt to search for Maria, Defendant gave Plaintiff no reasonable escape from its incessant calls.

**ANSWER: Denied.**

37. As detailed above, by persistently calling Plaintiff's cellular phone without his consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

**ANSWER: The allegations of Paragraph 37 constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations are denied.**

38. Defendant's relentless collection efforts and tactic of repeatedly calling Plaintiff's cellular phone after he requested that these calls cease is highly offensive to a reasonable person.

**ANSWER: The allegations of Paragraph 38 constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations are denied.**

39. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented phone calls to Plaintiff's cellular phone in a short period of time.

**ANSWER: Denied.**

WHEREFORE, Plaintiff, USEF F. BADER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER: Credit One denies that Plaintiff is entitled to any relief against Credit One as requested in the WHEREFORE paragraph following paragraph 39.**

### COUNT III – TRESPASS TO CHATTELS

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

**ANSWER: Credit One incorporates its answers to the above allegations.**

41. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. *Prosser, Torts*, 64 (2d ed.).

**ANSWER: The allegations of this paragraph purport to summarize a treatise that is a document in writing that speaks for itself. Credit One denies any allegations that contradict the plain language of the treatise.**

42. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

**ANSWER: The allegations of this paragraph purports to summarize a decision from outside of this jurisdiction that is a writing that speaks for itself. Credit One denies any allegations that contradict the plain language of the decision.**

43. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

**ANSWER: The allegations of this paragraph purport to summarize decisions from outside of this jurisdiction that are writings that speaks for themselves. Credit One denies any allegations that contradict the plain language of these decisions.**

44. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

**ANSWER: The allegations of this paragraph purport to summarize a case is a writing that speaks for itself. Credit One denies any allegations that contradict the plain language of the case.**

45. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

**ANSWERED: Denied.**

46. Defendant barraged Plaintiff with not less than 150 phone calls after he made demands that the calls stop, including multiple phone calls on the same day, leaving him unable to use or possess his cellular phone in the manner in which he wanted to during such time.

**ANSWERED: Denied.**

47. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting him and he was not Maria.

**ANSWERED: The allegations of Paragraph 47 constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations are denied.**

48. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, and the loss of battery life.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.**

49. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

**ANSWER: Credit One lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.**

WHEREFORE, Plaintiff, USEF F. BADER, respectfully requests that this Honorable Court enter judgement in his favor as follows:

a. Enter judgement in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff; and

e. Award any other relief this Honorable Court deems equitable and just.

**ANSWER: Credit One denies that Plaintiff is entitled to any relief against Credit One as requested in the WHEREFORE paragraph following paragraph 49.**

## DEFENSES

1. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations and/or the doctrines of estoppel, waiver and laches.

2. Plaintiff's claims may be barred in whole or in part because Plaintiff consented to any conduct alleged in the Complaint.

3. Plaintiff's TCPA claim, in whole or in part, fails to state a claim upon which relief can be granted against Credit One to the extent the telephone system used to allegedly contact Plaintiff does not constitute an automatic telephone dialing system ("ATDS") under the Telephone Consumer Protection Act. *See Facebook v. Duguid,* No. 19-511, 2021 WL 1215717 (U.S. Apr. 1, 2021) ("The equipment in question must use a random or sequential number generator.")

4. Although Credit One denies any liability in this matter, it contends that any alleged acts or omissions giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Credit One. Credit One acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Credit One.

5. To the extent that Plaintiff may have or will suffer any damages as alleged in the Complaint, which Credit One continues to deny, such damages have been and will be proximately caused, in whole or in part, by the acts or omissions of persons or entities other than Credit One, over whom Credit One had no control, and for whose conduct Credit One is not responsible, which bars or diminishes any recovery by Plaintiff against Credit One.

6. Credit One is not liable to Plaintiff for any alleged violations because even if Plaintiff can show a violation, such a violation was not intentional. Rather, any violation alleged by Plaintiff, if it occurred, was the result of bona fide error that occurred in spite of Credit One's established procedures reasonably adapted to avoid such errors.

7. Credit One specifically denies that it acted with any intent or knowledge to cause any injury or loss to Plaintiff.

8. Credit One specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

9. Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

10. Plaintiff did not incur any damages, injury, or loss as a result of any act or conduct by Credit One.

11. Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate Plaintiff's alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

12. Credit One met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Credit One.

13. Credit One expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE**, Credit One respectfully requests the dismissal of the Complaint with prejudice and awarding costs of suit, including attorneys' fees and costs, and all other relief that this Court may deem just and equitable.

Dated: May 10, 2021

                                                 Respectfully submitted,

                                                 CREDIT ONE BANK, N.A.

                                                 */s/ Christopher R. Murphy*
                                                 Christopher R. Murphy
                                                 Holland & Knight LLP
                                                 150 N. Riverside Plaza, 27th Floor
                                                 Chicago, IL  60606
                                                 Telephone: (312)578-6514
                                                 chris.murphy@hklaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2021, a true and correct copy of the foregoing was served upon via the CM/ECF system on all registered ECF filers who have appeared in this action.


                                    By: */s/ Christopher R. Murphy*